NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: SEA RAY BOATS, INC., BRUNSWICK CORPORATION,**
*Petitioners*

---

2017-124

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia in No. 2:15-cv-00021-HCM-LRL, Senior Judge Henry C. Morgan Jr.

---

## ON PETITION AND MOTION

---

Before NEWMAN, WALLACH, and STOLL, *Circuit Judges*.

Order for the court filed PER CURIAM. *Circuit Judge* NEWMAN dissents.

PER CURIAM.

## O R D E R

Sea Ray Boats, Inc. and Brunswick Corporation (collectively, "Sea Ray") petition for a writ of mandamus to direct the United States District Court for the Eastern District of Virginia to transfer to the United States District Court for the Eastern District of Tennessee or alternatively to direct the district court to stay trial

proceedings and determine whether venue is proper. Sea Ray also moves for a temporary stay of the trial pending this court's consideration of their petition. They state that Cobalt Boats, LLC opposes a stay.

In January 2015, Cobalt Boats sued Sea Ray in the United States District Court for the Eastern District of Virginia, alleging patent infringement. Approximately two weeks before the start of trial, Sea Ray moved to transfer this case to the Eastern District of Tennessee, alleging improper venue. On June 7, 2017, the district court denied the motion, finding that Sea Ray had waived their venue challenge. Now, on the eve of trial, Sea Ray asks this court for mandamus relief and to stay the trial pending this court's review of their petition.

The remedy of mandamus is available only in "exceptional" situations to correct a "clear abuse of discretion or usurpation of judicial power" by a trial court. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no "adequate alternative" to obtain the same relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.,* 437 U.S. 655, 666 (1978) (internal quotation marks omitted).

Under the circumstances, the court declines to grant mandamus relief.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to stay is denied.

(2)  The petition for writ of mandamus is denied.

IN RE: SEA RAY BOATS, INC.                                                3

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32

IN RE: SEA RAY BOATS, INC.                                                3

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

―――――――――――

**In re: SEA RAY BOATS, INC., BRUNSWICK CORPORATION,**
*Petitioners*

―――――――――――

2017-124

―――――――――――

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia in No. 2:15-cv-00021-HCM-LRL, Senior Judge Henry C. Morgan Jr.

―――――――――――

**ON PETITION AND MOTION**

―――――――――――

NEWMAN, *Circuit Judge*, dissenting.

I renew my dissent, reinforced by the content of the mandamus petition filed today.  As the court notes in its denial of the request for a temporary stay of trial proceedings while we determine whether venue is appropriate, the remedy of mandamus is available only in "exceptional" situations to correct a "clear abuse of discretion or usurpation of judicial power" by a trial court. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed. Cir. 1988).  The exercise of the judicial review role entrusted to this court demands time for careful consideration.

When a court is confronted with a change in the law, the judicial role is to comply with the change. There is little doubt that the Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017), was a change in the law of venue, and the district court states that under *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957), venue is proper in Virginia. The issue of proper forum following the return to *Fourco* requires our resolution.

This court must ensure the Court's decision in *TC Heartland* is properly applied to the facts of this case. Determination of the forum is appropriate before expenditure of the major resources of a two-week jury trial. Here, the district court issued its opinion on the denial of the motion to transfer venue less than a week prior to trial, and the defendant has requested the time needed for due consideration of its transfer motion. It is clear that if the trial commences next Monday as scheduled, the landscape will have changed dramatically—without a stay, the event will be over, and an opportunity for this court to determine whether the district court's decision was in compliance with the venue requirements revived by *TC Heartland* may have harsh consequences. *See Olberding v. Illinois Central,* 346 U.S. 338, 340 (1953) (reversing verdict for plaintiff after jury trial in an improper venue); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 41 (1998) ("reversal with new trial is required [where] venue is precluded by the governing statute" (citing *Olberding*)); *Leroy v. Great W. United Corp.,* 443 U.S. 173, 181, 184 & n. 18 (1979) (citing *Olberding* and reversing declaratory judgment for improper venue).

Of course, there are arguments on both sides, for the Virginia court has already invested in full pretrial proceedings. However, it is at trial that the purposes and policy of proper venue become dominant. The processes of law are designed not for the convenience of judges, but as

safeguards to litigants and warders of justice.  *See* Leroy, 443 U.S. at 183–84 ("In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.").  Here, where the change of law brings the propriety of the current venue directly into question, this defendant is entitled to consideration of its request.  Legitimate questions have been raised; they warrant an answer for these disputants, before, not after, trial.

I would grant the requested stay, pending expedited briefing and resolution of this important question.  From the court's denial of the stay, and the denial of the petition for a writ of mandamus without a stay for due consideration, prior to trial, I respectfully dissent.